**FILED**

**JUN 1 9 2014**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1  BENJAMIN B. WAGNER
   United States Attorney
2  JARED C. DOLAN
   SHERRY D. HARTEL HAUS
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6  Attorneys for Plaintiff
7  United States of America

**SEALED**

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                        2: 1 4 - CR - - 1 6 9 KJM

11 UNITED STATES OF AMERICA,            CASE NO.

12                 Plaintiff,            VIOLATION: 18 U.S.C. § 1349 —Conspiracy to
                                         Commit Wire Fraud; 18 U.S.C. § 1341—Mail Fraud
13                 v.                    (Five Counts); 18 U.S.C. § 1623 —False Declarations
                                         Before A Grand Jury (Two Counts)
14 MOHAMMAD RIAZ KHAN, a.k.a. RAY
   KHAN, MOHAMMAD SHAHBAZ KHAN,
15 HARJIT KAUR JOHAL, and HAMIRA
   CHECHI,
16

17                 Defendants.

18

19                        I N D I C T M E N T

20 COUNT ONE: [18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud]

21     The Grand Jury charges:

22              MOHAMMAD RIAZ KHAN, a.k.a. RAY KHAN, and
                     MOHAMMAD SHAHBAZ KHAN,
23

24 defendants herein, as follows:

25            **I.    INTRODUCTION**

26     At all times material herein,

27     1.    Defendant MOHAMMAD RIAZ KHAN was an individual residing in Live Oak, in
28

INDICTMENT                               1

1  Sutter County, in the State and Eastern District of California.  MOHAMMAD RIAZ KHAN was also

2  known as MOHAMMAD "RAY" KHAN.  Defendant MOHAMMAD RIAZ KHAN owned and

3  operated Ray Khan Farm Labor Contractor.

4      2.      Defendant MOHAMMAD SHAHBAZ KHAN was an individual residing in Yuba City

5  and Live Oak, in the State and Eastern District of California.  At all material times, MOHAMMAD

6  SHAHBAZ KHAN was on pretrial release pursuant to an order dated May 2, 2012, from the United

7  States District Court, Eastern District of California, Case No. 2:12-cr-180 MCE, which order notified

8  MOHAMMAD SHAHBAZ KHAN of the potential effect of committing an offense while on pretrial

9  release.

10      3.      The State of California Employment Development Department ("EDD"), a government

11  agency of the State of California, administered Unemployment Insurance (UI) and Disability Insurance

12  (DI) programs for the State of California.

13      4.      An employer was required to register with the EDD within fifteen days of paying $100 or

14  more in wages to one or more employees in a quarter.  An employer usually registered by submitting

15  Form DE-1, the Registration Form for Commercial Employers and the DE-1AG for agricultural

16  employers.  An employer also could register by telephone and provide the same information as

17  requested on the DE-1 and DE-1AG.  The DE-1 and DE-1AG forms included, among other things,

18  spaces for the company's name, address, number of employees, owner, and type of business.  After

19  receiving the registration information from a new employer, the EDD assigned that employer an

20  Employer Account Number (EAN).

21      5.      Individuals who were laid off by an employer were eligible to receive UI benefits.  The

22  amount of weekly UI benefits paid to a claimant was based on that claimant's prior earnings.  In order to

23  receive benefits, a UI claimant was required to provide information to the EDD, including the claimant's

24  name, social security number, and previous employer.  Prior to making payment on the claim, the EDD

25  verified the claimant had sufficient earnings reported to EDD.  Employers reported wages they paid their

26  employees to EDD by submitting Form DE 3 Wage and Withholding Reports, Form DE-6 Wage and

27  Withholding reports, or Form DE-9/DE-9C Quarterly Contribution Return and Report of Wages.

28      6.      After a UI claim was accepted, the claimant was required to verify his or her continued

INDICTMENT             2

1  unemployment to the EDD on a weekly or bi-weekly basis. The claimant provided the information by
2  submitting Form DE-4581, a continued claim form, via the United States mail. The continued claim
3  form had to be completed by the UI claimant in order to receive future benefits.

4  7.  When payments for such claim were made, federal funds were transmitted through a
5  series of wire transmissions and other transactions, including at least one interstate wire transmission,
6  which originated in the Unemployment Insurance Trust Fund at the Federal Treasury in Washington,
7  D.C. and ended in the state of California. The final wire placed the money at the Bank of America in
8  Sacramento, California. Such funds were then paid to debit cards in the names of such claimants.

9  8.  California State Disability Insurance (SDI) was a partial wage replacement insurance
10  plan for California workers. The SDI programs were State mandated and funded through employee
11  payroll deductions. Workers covered by SDI were covered by two programs: Disability Insurance and
12  Paid Family Leave.

13  9.  Disability Insurance (DI) benefits were paid to eligible workers suffering a full or partial
14  loss of wages due to disabilities that were not work-related. Like UI, the amount of weekly DI benefits
15  paid to a claimant was based on the claimant's prior earnings. Regardless of the existence of an actual
16  disability, individuals could only receive DI if they had wages reported to EDD by their employer.

17  10.  As long as wages were reported by an employer, EDD would pay UI and DI benefits
18  even though the employer may not have paid any payroll taxes to EDD. If no payroll taxes had been
19  paid by the employer, EDD would attempt to collect the delinquent payroll taxes owed by the employer.
20  However, an employer's delinquency would not affect a claimant's eligibility for benefits.

21  11.  Defendant HARJIT KAUR JOHAL was an individual residing in Yuba City, in Sutter
22  County, in the State and Eastern District of California. During the third quarter of 2013, Ray Khan
23  Farm Labor Contractor reported to EDD that Defendant JOHAL earned $12,006 in wages.

24  12.  Defendant HAMIRA CHECHI was an individual residing in Yuba City, in Sutter County,
25  in the State and Eastern District of California. During the third quarter of 2012, Ray Khan Farm Labor
26  Contractor reported that Defendant CHECHI earned $6,786 in wages. During the third quarter of 2013,
27  Ray Khan Farm Labor Contractor reported that Defendant CHECHI earned $4,320 in wages.

28

INDICTMENT                                    3

## II.   THE CONSPIRACY

13.   Beginning on or about July 11, 2012, through in or about June 2014, within the State and Eastern District of California and elsewhere, defendants MOHAMMAD RIAZ KHAN and MOHAMMAD SHAHBAZ KHAN, and others known and unknown to the Grand Jury, did knowingly and willfully agree, combine, and conspire to execute, through the use of wire communications in interstate commerce, a material scheme and artifice to defraud the State of California, and to obtain money from the State of California by means of material false and fraudulent pretenses, representations, promises, and the concealment of material facts.

## III.   MANNER AND MEANS

The defendants used the following manner and means to accomplish the objects of the conspiracy:

14.   The defendants sold pay stubs to individuals known and unknown to the Grand Jury that falsely reflected the payment of wages for work for Ray Khan Farm Labor Contractor when, in fact, those individuals had not performed work for that entity and those wages had not been paid. The defendants sold these false paystubs for approximately $250 for each $1,000 reflected as wages on the purchased paystubs. The defendants then reported and caused to be reported to EDD wages for each individual using the EAN number for Ray Khan Farm Labor Contractor. A substantial portion of the wages that were reported to EDD by the defendants for this company were fictitious, that is, they were not earned or paid to the individuals as reported to EDD.

15.   The number of individuals with reported wages for these companies would generally spike in the third quarter of each year, which was designed to coincide with the busy season for farm labor contractors so as to avoid suspicion.

16.   MOHAMMAD RIAZ KHAN provided to the individuals purchasing paystubs checks that purported to be for actual pay. At the direction of MOHAMMAD RIAZ KHAN, these individuals cashed these checks, but thereafter returned the money. The purpose of this action was to make it appear, upon examination of bank records, that wages actually were paid.

17.   Once wages had been reported, the person who had purchased the pay stub would contact EDD and use it to file for unemployment insurance benefits, disability insurance benefits, or both. The

INDICTMENT                                          4

1    defendants provided instructions to some pay stub purchasers on how and when the purchaser should

2    file a claim.

3        18.    As a result of these actions, approximately $20,000 in fraudulent unemployment and

4    disability benefits was paid out by EDD, a government agency of the State of California.

5    In violation of Title 18, United States Code, Section 1349.

6    COUNTS TWO THROUGH SIX: [18 U.S.C. § 1341 – Mail Fraud]

7        The Grand Jury charges:

8                          MOHAMMAD RIAZ KHAN, a.k.a. RAY KHAN, and
                                    MOHAMMAD SHAHBAZ KHAN,
9

10   defendants herein, as follows:

11       1.    Paragraphs 1 through 12 and 14 through 18 of Count One are fully incorporated by

12   reference as though fully set forth herein.

13       2.    Beginning in or about July 2012, through in or about June 2014, within the State and

14   Eastern District of California and elsewhere, defendants MOHAMMAD RIAZ KHAN and

15   MOHAMMAD SHAHBAZ KHAN, and others known and unknown to the Grand Jury, knowingly

16   devised, intended to devise, and participated in a material scheme and artifice to the State of California,

17   and to obtain money from the State of California by means of material false and fraudulent pretenses,

18   representations, and promises.

19       3.    On or about the dates set forth below, for the purposes of executing the scheme and

20   artifice to defraud, and attempting to do so, defendants MOHAMMAD RIAZ KHAN and

21   MOHAMMAD SHAHBAZ KHAN knowingly caused the following items to be delivered by mail

22   according to the direction thereon, as charged below:

23

24

| Count | Date | Mail Matter |
|---|---|---|
| 2 | December 1, 2012 | EDD Disability Insurance Claim from H.G., received in EDD Disability Insurance Office, Stockton, CA |
| 3 | April 7, 2013 | EDD Continued Claim Form 4581 from N.S. to EDD NorCal Authorization Center, West Sacramento, CA |
| 4 | May 11, 2013 | EDD Continued Claim Form 4581 from N.S. to EDD NorCal Authorization Center, West Sacramento, CA |

INDICTMENT                              5

| 5 | March 29, 2013 | EDD Continued Claim Form 4581 from A.P. to EDD NorCal Authorization Center, West Sacramento, CA |
| 6 | April 7, 2013 | EDD Continued Claim Form 4581 from A.P. to EDD NorCal Authorization Center, West Sacramento, CA |

In violation of Title 18, United States Code, Sections 2 and 1341.

COUNT SEVEN:      [18 U.S.C. § 1623 – False Declarations Before a Grand Jury]

The Grand Jury charges:

HARJIT KAUR JOHAL,

Defendant herein, as follows:

1.      Paragraphs 1 through 11 of Count One are fully incorporated by reference as though fully set forth herein.

2.      On or about the 8th day of May, 2014, in the County of Sacramento, State and Eastern District of California, while under oath and testifying in a proceeding before Grand Jury 2014B, a Grand Jury of the United States in the Eastern District of California, HARJIT KAUR JOHAL knowingly made a false material declaration.

3.      At the time and place aforesaid the Grand Jury was conducting an investigation to determine whether violations of Title 18, United States Code, Sections 1341 and 1349 had been committed, and to identify the persons who had committed, caused the commission of, and conspired to commit such violations. It was material to the said investigation that the Grand Jury ascertain whether HARJIT KAUR JOHAL had, in fact, worked picking peaches for Mohammad Riaz Khan (a.k.a "Ray Khan").

4.      At the time and place alleged, HARJIT KAUR JOHAL, appearing as a witness under oath at a proceeding before the Grand Jury, knowingly made the following declaration in response to questions with respect to the material matter alleged above, as follows:

Q:      Ma'am, where do you work?

A:      Loft (phonetic) Ray Khan.

Q:      Did you ever buy pay stubs from Ray Khan?

A:      No.

INDICTMENT                                        6

1    ****

2    Q:    Since – you've been working for Ray Khan since 2013?

3    A:    <u>Yes</u>.

4    ****

5    Q:    So what do you do for Ray Khan?

6    A:    <u>Peach, like I do season work</u>. Peach.

7    Q:    What do you do? What do you mean by "peach"?

8    A:    Meaning picking peaches.

9    Q:    Picking peaches?

10   A:    <u>Yes, pick peaches</u>.

11   ****

12   Q:    Who did you pick peaches for?

13   A:    <u>Ray Khan</u>.

14   5.    The aforesaid underscored testimony of HARJIT KAUR JOHAL, as she then and there

15   well knew and believed, was false in that, since 2013, HARJIT KAUR JOHAL, did not work for; did

16   not pick peaches for; and did, in fact, purchase pay stubs from Mohammad Ray Khan (a.k.a "Ray

17   Khan").

18   In violation of Title 18, United States Code, Section 1623.

19   COUNT EIGHT:    [18 U.S.C. § 1623 – False Declaration Before a Grand Jury]

20          The Grand Jury charges:

21                         HAMIRA CHECHI,

22          Defendant herein, as follows:

23   1.    Paragraphs 1 through 10 and 12 of Count One are fully incorporated by reference as

24   though fully set forth herein.

25   2.    On or about the 24th day of April, 2014, in the County of Sacramento, State and Eastern

26   District of California, while under oath and testifying in a proceeding before Grand Jury 2014B, a Grand

27   Jury of the United States in the Eastern District of California, HAMIRA CHECHI knowingly made a

28   false material declaration.

INDICTMENT                              7

1    3.      At the time and place aforesaid the Grand Jury was conducting an investigation to

2   determine whether violations of Title 18 United States Code, Sections 1341 and 1349 had been

3   committed, and to identify the persons who had committed, caused the commission of, and conspired to

4   commit such violations. It was material to the said investigation that the Grand Jury ascertain whether

5   HAMIRA CHECHI had, in fact, worked for Mohammad Ray Khan (a.k.a "Ray Khan").

6    4.      At the time and place alleged, HAMIRA CHECHI, appearing as a witness under oath at a

7   proceeding before the Grand Jury, knowingly made the following declaration in response to questions

8   with respect to the material matter alleged above, as follows:

9    [BY MR. DOLAN:]

10    Q. How do you know Mohammad Ray Khan?

11    A. I knew him and I worked for him.

12    Q. Did you ever buy pay stubs from Mohammad Ray Khan?

13    A. No.

14    Q. Did anybody you know buy pay stubs on your behalf from Mohammad Ray Khan?

15    A. No.

16    ***

17    BY MS. HAUS:

18    Q:     .... Can you talk us through your day on the days that you worked picking peaches and

19    tomatoes? When did you get to work? Where did you work? When did you switch locations?

20    And when did you end work?

21    A:     Okay. So from 6 a.m. to like 4 or 5, it would be for Ray Khan for the peaches. And for

22    the other people, it would be -- go at about 8:00 in the evening. And then you would get off at

23    about 4 a.m. sometimes.

24    BY MR. DOLAN:

25    Q:     So when did you sleep?

26    A:     You get, you know, two or three hours and then Saturday and Sundays off, too.

27    5.      The aforesaid underscored testimony of HAMIRA CHECHI, as she then and there well

28   knew and believed, was false in that (a) she or someone she knew purchased pay stubs on her behalf

INDICTMENT                                                      8

from Mohammad Riaz Khan (a.k.a "Ray Khan"), and (b) she was not working, and had not worked, for

Mohammad Riaz Khan (a.k.a "Ray Khan") for ten to eleven hours per day, followed by additional work

for up to eight additional hours per day.

In violation of Title 18, United States Code, Section 1623.

A TRUE BILL

**/s/ Signature on file w/AUSA**

FOREPERSON

BENJAMIN B. WAGNER
United States Attorney

INDICTMENT                                      9

No. _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

MOHAMMAD RIAZ KHAN a.k.a. RAY KHAN,
MOHAMMAD SHAHBAZ KHAN,
HARJIT KAUR JOHAL, and HAMIRA CHECHI

# I N D I C T M E N T

**VIOLATION(S):**
18 U.S.C. § 1349 —Conspiracy to Commit Mail Fraud;
18 U.S.C. § 1341—Mail Fraud [Five Counts];
18 U.S.C. § 1623 —False Declarations Before A Grand Jury [Two Counts]

*A true* bill,

**/s/ Signature on file w/AUu.**

*Foreman.*

2: 1 4 - CR - - 1 6 9 KJM

*Filed in open court this* _ _ _ _ 1 9 _ _ _ _ *day*

**SEALED**

*of* _ _ JUNE _ _ _ _, *A.D.* 2014 _ _

Clerk.

**NO BAIL WARRANT PENDING HEARING**   All Defendants - Mohammad Riaz Khan
   - Mohammad Shahbaz Khan
   - Harjit Kaur Johal
*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _   - Hamira Chechi

6/19/2014

GPO 863 525

# PENALTY SLIP

MOHAMMAD RIAZ KHAN a.k.a. RAY KHAN,
MOHAMMAD SHAHBAZ KHAN,
HARJIT KAUR JOHAL, and
HAMIRA CHECHI

## COUNT ONE
VIOLATION:           18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud
PENALTY:             Not more than 20 years imprisonment, or
                        Not more than $250,000 Fine or Both
                        3 Years TSR

## COUNTS TWO thru SIX
VIOLATION:           18 U.S.C. § 1341 –Mail Fraud
PENALTY:             Not more than 20 years imprisonment, or
                        Not more than $250,000 Fine or Both
                        3 Years TSR

## COUNTS SEVEN & EIGHT
VIOLATION:           18 U.S.C. § 1623 – False Declarations Before a Grand Jury
PENALTY:             Not more than 20 years imprisonment, or
                        Not more than $250,000 Fine or Both
                        5 Years TSR

**FORFEITURE**: As stated in indictment

**PENALTY ASSESSMENT**: Mandatory $100 penalty assessment