UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>HARJIT KAUR JOHAL, and JASVIR KAUR,<br><br>        Defendants. | No.  2:14-cr-00169-GEB<br><br><br>**ORDER** |

Defendant Harjit Kaur Johal moves in limine for an order quashing the superseding indictment, based on the following arguments: "[t]he Government should not be allowed to use any part of the transcript of Harjit Kaur Johal's appearance before the Grand Jury on May 8, 2014," because "Harjit Kaur Johal is a Punjabi speaker and . . . testif[ied] through an interpreter [and the] transcript does not identify the interpreter . . . nor . . . indicate that the interpreter [] compl[ied] with Federal Rule of Evidence 604." (Mot. In Lim. 1:15-24, ECF No. 160.)

The government opposes the motion, arguing "Kamal Judge, the translator during Johal's testimony, is a court-certified and sworn translator who has a previously-sworn standing oath on file with the Eastern District of California, where she has appeared innumerable times." (Gov't Opp'n to Mot. In Lim., 2:13-15, ECF No. 165). The government has also attached

1

1   to its opposition Kamal Judge's previously-sworn oath on file in
2   the Eastern District of California. In light of the government's
3   response, this motion is denied.
4          Defendant also moves for an order limiting the
5   government's case in chief against him to the year 2013. (Mot. at
6   2:4-10.) The government opposes the motion, arguing that
7   Defendant, "[w]ithout expressly saying so," is challenging the
8   government's "notice under Rule 404(b) of the Federal Rules of
9   Evidence that it intended to present some evidence of the fraud
10  scheme underlying the perjury at issue in trial." (Gov't Opp'n
11  at 2:24-26.) Defendant has not shown this motion should be
12  granted. Therefore, it is denied.
13         Defendant also moves for an order concerning pay stub
14  evidence which is not concrete enough for an in limine ruing and
15  is therefore denied.
16         Lastly, Defendant moves for an order requiring the
17  government to disclose "any informant that it has used in its
18  investigation of [him]" and "any agreements and the benefits
19  offered to any witnesses the Government has used in the
20  investigation that led to [his] indictment." (Mot. 2:25-26,
21  3:3-5.) The government responds that it "holds a privilege to
22  'withhold from disclosure the identity of persons who furnish
23  information of violations of law to officers charged with
24  enforcement of the law.'" (Gov't Opp'n at 5:7-9 (quoting Roviaro
25  v. United States, 353 U.S. 53, 59 (1957)).) The government also
26  argues that "[t]he burden rests on the defendant to demonstrate
27  that disclosure is necessary . . . " (Id. at 5:17-19 (citing
28  United States v. Rawlinson, 487 F.2d 5, 7 (9th Cir. 1973)).) The

government further states it "will not introduce at trial any evidence or information obtained from an informant. The evidence to be introduced at trial was independently developed by law enforcement." (Id. at 5:28-6:5.) Defendant has not sustained the disclosure burden concerning the purported confidential informant he references, and the government states it "has produced . . . any material in its possession that is relevant and helpful to the defense." (Id. at 6:3-7.) Therefore, the motion is denied.

Each Defendant also moves for severance from the co-defendant, arguing the indicted charges are unrelated and separate trials are required. The government filed an opposition to the motions in which it explains that the referenced "charges are logically connected because they are founded upon the same materially [alleged] false statements given in the course of the same grand jury investigation of a common fraud scheme, [and that the government intends to prove the charges] by substantially the same evidence." (Gov't Opp'n to Mot. to Sever. at 5:25-28, ECF No. 166.) Defendants have not shown that severance is required. Therefore, each severance motion is denied.

The government moves in limine arguing it "anticipates [Defendants] may seek to present a defense of duress[ and a]bsent a pretrial proffer that establishes a prima facie showing supporting each of the elements necessary to maintain that defense, the defendants should not be permitted to introduce any evidence of duress." (Gov't Mot. in Lim., 1:20-22, ECF No. 159.) Each Defendants filed a statement of non-opposition to this motion. (See ECF No. 163 (Defendant Karjit Kaur Johal's statement of non-opposition); ECF No. 164 (Defendant Jasvir Kaur's

1 statement of non-opposition).)  This motion has not been shown to
2 concern a controversy justifying an in limine ruling, and appears
3 to concern a matter at 5:25-28on which the parties agree.
4 Therefore, no in limine ruling issues.
5     In light of the rulings on the motions, the hearing
6 scheduled on March 3, 2017 is vacated.
7 Dated:  March 2, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge