UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-00169-GEB |
| Plaintiff, | |
| v. | **PROPOSED VOIR DIRE, AND PRELIMINARY AND CLOSING JURY INSTRUCTIONS** |
| HARJIT KAUR JOHAL, and JASVIR KAUR, | |
| Defendants. | |

Attached are the proposed voir dire, preliminary jury instructions, and closing jury instructions.

Dated:  March 8, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-00169-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE** |
| HARJIT KAUR JOHAL, and JASVIR KAUR, | |
| Defendant. | |

        Good morning and welcome to the United States District Court.   Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

        The court personnel who will assist me in this trial are on the platform below me.   The Courtroom Deputy is Shani Furstenau.   Next to her is the Certified Court Reporter.   Ms. Furstenau please administer the oath to the prospective jurors.

        We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror.   After questioning is complete, the parties will exercise what is known as peremptory challenges.

        1.   Counsel, the Jury Administrator has already randomly selected potential jurors and their names are on the

1    sheet you have been given in the order of the random selection.
2    Each potential juror has been placed in his or her randomly-
3    selected seat, and has given each juror a large laminated card on
4    which the number is placed that depicts the order in which the
5    juror was randomly selected.

6          2.   I will ask the potential jurors questions as a
7    group. If a potential juror has a response, he or she shall raise
8    the laminated card. Generally, you will be given an opportunity
9    to respond in accordance with the numerical order in which you
10   are seated, meaning the juror in the lowest numbered seat will
11   respond first. If no card is raised, I will simply state "no
12   response" and then ask the next question. If you know it is your
13   turn to respond to a question, you may respond before I call your
14   seat number by stating your seat number, then your
15   response. That could expedite the process.

16         3.   If a potential juror concludes a question unduly
17   pries into a private matter, the potential juror may request to
18   respond out of the earshot of other potential jurors.   I'm
19   authorized to try to protect legitimate privacy interest, but may
20   ask questions in the area that you indicate a desire to discuss
21   in private to determine whether it, or any aspect of the matter,
22   should be responded to as indicated.   This approach is taken
23   because the trial should be open unless I have a legitimate
24   reason to close an aspect of it.

25         4.   The presentation of evidence and closing argument
26   portions of the trial are expected to be completed in
27   approximately 6 court days, after which the case will be
28   submitted to the jury for jury deliberation. Trial will be

3

1   conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m.

2   to   about   4:30   p.m.   However,   once   you   commence   jury

3   deliberations,   you   will   be   expected   to   deliberate   every   day

4   except weekends until you complete your deliberations.   Does the

5   schedule pose a special problem for any prospective jury?

6          5.   Counsel may make any desired introductions and the

7   government   should   name   anticipated   witnesses   it   may   call   so   it

8   can   be   determined   whether   any   potential   jury   knows   or   has

9   interacted with a person mentioned.

10         6.   This case concerns allegations of perjury stemming

11  from   an   investigation   into   unemployment   and   disability   benefits

12  fraud.   In   California,   employment   and   disability   insurance   is

13  administered by the California Employment Development Department.

14  Has   any   member   of   the   jury   had   an   experience,   positive   or

15  negative,   with   the   California   Employment   Development   Department

16  that could affect their ability to be a fair and impartial juror?

17         7.   In   light   of   the   allegations,   does   any   potential

18  juror prefer not being a juror on this case?

19         8.   Has   anyone   been   exposed   to   news   media   reports

20  concerning   unemployment   and   disability   fraud   allegations   in   the

21  Yuba City area involving Mohammad Khan?

22         9.   Do   you   speak   and/or   understand   the   Punjabi

23  language?

24         10.   Is there any reason why you would not be able to

25  be a juror or give your full attention to this case?

26         11.   Have you, any member of your family, or any close

27  friend   ever   been   arrested   or   charged   for   a   crime   or   been   a

28  defendant in a criminal case?

1            a.   Could what you communicated have a bearing on your
2    ability to be a fair and impartial juror in this case?

3            12. Have you ever served as a juror in the past?

4            a. State whether it was a civil or criminal case, and
5    state whether the jury reached a verdict, but do not state the
6    actual verdict reached.

7            13. Some of the witnesses in this case may be law
8    enforcement officers.  Do you have any friends or relatives who
9    are employed by a federal, state or local law enforcement agency?
10   If so:

11           a.   Who is that person? How are they employed? What is
12   your relation to them?

13           b.   Could your relationship with your friend or
14   relative cause you to evaluate law enforcement witnesses in this
15   case differently from non-law enforcement witnesses? Please
16   explain.

17           14. Would you tend to believe the testimony of a
18   witness just because that witness is or was employed by the
19   federal government, either as a law enforcement officer or
20   otherwise?

21           15. Would you tend to disbelieve the testimony of a
22   witness just because that witness is or was employed by the
23   federal government, either as a law enforcement officer or
24   otherwise?

25           16. You are required to apply the law I will give you
26   even if you believe a different law should apply. If you cannot
27   agree to what I just said, please raise your hand.

28           17. Do you have any difficulty with the rule of law

5

1   that a person charged with a crime is presumed innocent and need

2   not present any evidence, and the government at all times bears

3   the burden of proving guilt beyond a reasonable doubt?

4          18.   Do you have any problem with the rule of law that

5   a defendant need not testify on his own behalf, and that if a

6   defendant chooses not to testify, that factor may not be

7   considered by you in your deliberations?

8          19.   Is there anything that we have not discussed that

9   you believe could have a bearing on your ability to be a fair and

10  impartial juror in this case?

11         20.   The Courtroom Deputy Clerk will give juror in seat

12  number one a sheet on which there are information we seek. Please

13  pass the sheet to a potential juror near you after you respond.

14              a.   your name;

15              b.   your educational background;

16              c.   the educational background of any person residing

17  with you;

18              d.   your present and former occupations;

19              e.   the present and former occupations of any person

20  residing with you.

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

HARJIT KAUR JOHAL, and JASVIR KAUR,

        Defendants.

No.  2:14-cr-00169-GEB

**Preliminary Jury Instructions**

**INSTRUCTION NO. 1**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you additional instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

7

1

2                        **INSTRUCTION NO. 2**

3          This is a criminal case brought by the United States

4    government.  The charges against the defendant are contained in

5    the indictment.  The indictment simply describes the charges the

6    government brings against the defendant.  The indictment is not

7    evidence and does not prove anything.

8          The defendant has pleaded not guilty to the charges and

9    is presumed innocent unless and until the government proves the

10   defendant guilty beyond a reasonable doubt.  In addition, the

11   defendant has the right to remain silent and never has to prove

12   innocence or to present any evidence.

**INSTRUCTION NO. 3**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence;

(3) any facts to which the parties agree.

**INSTRUCTION NO. 4**

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**INSTRUCTION NO. 5**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

**INSTRUCTION NO. 6**

2      There are rules of evidence that control what can be

3 received in evidence.  When a lawyer asks a question or offers an

4 exhibit in evidence and a lawyer on the other side thinks that it

5 is not permitted by the rules of evidence, that lawyer may

6 object.   If I overrule the objection, the question may be

7 answered or the exhibit received.   If I sustain the objection,

8 the question cannot be answered, or the exhibit cannot be

9 received.   Whenever I sustain an objection to a question, you

10 must ignore the question and must not guess what the answer would

11 have been.

12      Sometimes I may order that evidence be stricken from the

13 record and that you disregard or ignore the evidence.  That means

14 that when you are deciding the case, you must not consider the

15 evidence that I told you to disregard.

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 7**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

13

**INSTRUCTION NO. 8**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not

1    to discuss the matter and to report the contact to the court.

2          Because you will receive all the evidence and legal
3    instruction you properly may consider to return a verdict:  do
4    not read, watch, or listen to any news or media accounts or
5    commentary about the case or anything to do with it, although I
6    have no information that there will be news reports about this
7    case; do not do any research, such as consulting dictionaries,
8    searching the Internet or using other reference materials; and do
9    not make any investigation or in any other way try to learn about
10   the case on your own.  Do not visit or view any place discussed
11   in this case, and do not use Internet programs or other devices
12   to search for or view any place discussed during the trial.
13   Also, do not do any research about this case, the law, or the
14   people involved——including the parties, the witnesses or the
15   lawyers——until you have been excused as jurors.  If you happen to
16   read or hear anything touching on this case in the media, turn
17   away and report it to me as soon as possible.

18          These rules protect each party's right to have this
19   case decided only on evidence that has been presented here in
20   court.  Witnesses here in court take an oath to tell the truth,
21   and the accuracy of their testimony is tested through the trial
22   process.  If you do any research or investigation outside the
23   courtroom,   or   gain   any   information   through   improper
24   communications,   then   your   verdict   may   be   influenced   by
25   inaccurate, incomplete or misleading information that has not
26   been tested by the trial process.  Each of the parties is
27   entitled to a fair trial by an impartial jury, and if you decide
28   the case based on information not presented in court, you will

15

have denied the parties a fair trial.   Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 9**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

**INSTRUCTION NO. 10**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes shall be left on the seat you now occupy.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO. 11**

The next phase of the trial will now begin.   First, each side may make an opening statement.   An opening statement is not evidence.   It is simply an outline to help you understand what that party expects the evidence will show.   A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.   Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:14-cr-00169-GEB |
| Plaintiff, | |
| v. | **Closing Jury Instructions** |
| HARJIT KAUR JOHAL, and JASVIR KAUR, | |
| Defendants. | |

**INSTRUCTION NO. 1**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

**[Option #1]** A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

**[Option #2]** The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**INSTRUCTION NO. 3**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**INSTRUCTION NO. 4**

The evidence you are to consider in deciding what the facts are consists of:

      (1)  the sworn testimony of any witness;

      (2)  the exhibits received in evidence; and

      (3)  any facts to which the parties have agreed.

**INSTRUCTION NO. 5**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 6**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NO. 7**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 8**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.   The defendant is not on trial for any conduct or offense not charged in the indictment.

**INSTRUCTION NO. 9**

The punjabi language has been used during this trial. The evidence you are to consider is only that provided through the official court interpreters.  Although some of you may know the punjabi language, it is important that all jurors consider the same evidence.  Therefore, you must accept the evidence presented in the English interpretation and disregard any different meaning.

**INSTRUCTION NO. 10**

You have heard testimony that Jasvir Kaur made a statement.  It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**INSTRUCTION NO. 11**

You have heard evidence that the defendants committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendants' intent, motive, preparation, plan, knowledge, identity, and absence of mistake, and for no other purpose.

**INSTRUCTION NO. 12**

You have heard evidence that **[name of witness]**, a witness, **[specify basis for impeachment]**. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

1

**INSTRUCTION NO. 13**

2      You have heard testimony from **[name of witness]**, a

3 witness who received immunity.  That testimony was given in

4 exchange for a promise by the government that **[the witness will**

5 **not be prosecuted] [the testimony will not be used in any case**

6 **against the witness]; [received [benefits] [compensation]**

7 **[favored treatment] from the government in connection with this**

8 **case]**.

9      You have also heard testimony from Hamira Chechi, a

10 witness who pleaded guilty to a crime arising out of the same

11 events for which the defendants are on trial. This guilty plea is

12 not evidence against the defendants, and you may consider it ony

13 in determining this witness's believability.

14      For these reasons, in evaluating the testimony of **[name**

15 **of witness]**, you should consider the extent to which or whether

16 his or her testimony may have been influenced by any of these

17 factors.  In addition, you should examine the testimony of **[name**

18 **of witness]** with greater caution than that of other witnesses.

19

20

21

22

23

24

25

26

27

28

1                        **INSTRUCTION NO. 14**

2              Certain  charts  and  summaries  have  been  admitted  in

3    evidence.     Charts  and  summaries  are  only  as  good  as  the

4    underlying supporting material. You should, therefore, give them

5    only such weight as you think the underlying material deserves.

1

**INSTRUCTION NO. 15**

2          A separate crime is charged against one or more of the

3    defendants in each count.   The charges have been joined for

4    trial.   You must decide the case of each defendant on each crime

5    charged against that defendant separately.   Your verdict on any

6    count as to any defendant should not control your verdict on any

7    other count or as to any other defendant.

8          All the instructions apply to each defendant and to

9    each count unless a specific instruction states that it applies

10   only to a specific defendant.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 16**

2          Harjit Johal is charged in Count Seven the indictment

3  with having made a false declaration in violation of Section 1623

4  of Title 18 of the United States Code.   Specifically, Harjit

5  Johal is alleged to have falsely stated to the grand jury that

6  she worked for Ray Khan, that her work for Ray Khan was picking

7  peaches, and that she did not buy pay stubs from Ray Khan.   In

8  order for the defendant to be found guilty of that charge, the

9  government must prove each of the following elements beyond a

10  reasonable doubt:

11          First, the defendant testified under oath before a

12  grand jury;

13          Second, the testimony was false, with all of you

14  agreeing as to which statement was false;

15          Third, the defendant knew that the testimony was false;

16  and

17          Fourth, the false testimony was material to the matters

18  before the grand jury; that is, it had a natural tendency to

19  influence, or was capable of influencing, the grand jury's

20  investigations.

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 17**

2   Jasvir Kaur is charged in Count Eight the indictment

3 with having made a false declaration in violation of Section 1623

4 of Title 18 of the United States Code.  Specifically, Jasvir Kaur

5 is alleged to have falsely stated to the grand jury that she

6 worked for Ray Khan, that her work for Ray Khan was picking

7 peaches, and that she did not buy pay stubs from Ray Khan.  In

8 order for the defendant to be found guilty of that charge, the

9 government must prove each of the following elements beyond a

10 reasonable doubt:

11   First, the defendant testified under oath before a

12 grand jury;

13   Second, the testimony was false, with all of you

14 agreeing as to which statement was false;

15   Third, the defendant knew that the testimony was false;

16 and

17   Fourth, the false testimony was material to the matters

18 before the grand jury; that is, it had a natural tendency to

19 influence, or was capable of influencing, the grand jury's

20 investigations.

21

22

23

24

25

26

27

28

37

1                    **INSTRUCTION NO. 18**

2              When you begin your deliberations, elect one member of

3    the jury as your presiding juror who will preside over the

4    deliberations and speak for you here in court.

5              You will then discuss the case with your fellow jurors

6    to reach agreement if you can do so.  Your verdict, whether

7    guilty or not guilty, must be unanimous.

8              Each of you must decide the case for yourself, but you

9    should do so only after you have considered all the evidence,

10   discussed it fully with the other jurors, and listened to the

11   views of your fellow jurors.

12             Do not be afraid to change your opinion if the

13   discussion persuades you that you should. But do not come to a

14   decision simply because other jurors think it is right.

15             It is important that you attempt to reach a unanimous

16   verdict but, of course, only if each of you can do so after

17   having made your own conscientious decision. Do not change an

18   honest belief about the weight and effect of the evidence simply

19   to reach a verdict.

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NO. 19**

2          Some of you have taken notes during the trial.  Whether

3    or not you took notes, you should rely on your own memory of what

4    was said.  Notes are only to assist your memory.  You should not

5    be overly influenced by your notes or those of your fellow

6    jurors.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 20**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt

**INSTRUCTION NO. 21**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

**INSTRUCTION NO. 22**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.