PHILLIP A. TALBERT
United States Attorney
JARED C. DOLAN
JEREMY J. KELLEY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARJIT KAUR JOHAL,<br><br>　　　　　Defendant. | CASE NO.  2:14-CR-00169 GEB<br><br>STIPULATION AND [PROPOSED] ORDER TO CORRECT CLERICAL ERROR ON VERDICT FORM |

　　　　Plaintiff United States of America, by and through the undersigned counsel, and defendant Harjit Kaur Johal, by and through defendant's counsel of record, Gilbert A. Roque, hereby stipulate as follows:

1. Defendant Harjit Johal was charged in Count Seven of the Superseding Indictment with making false statements before a grand jury in violation of 18 U.S.C. § 1623. ECF No. 91.

2. Following trial on the matter, the jury returned a verdict of guilty as to Ms. Johal. ECF No. 217.

3. The parties agree that there is a clerical error on the verdict form, which reads that Ms. Johal was found guilty "AS TO COUNT EIGHT" instead of Count Seven.

4. The Court may correct such a clerical error under Federal Rule of Criminal Procedure 36. Where, as here, the intent of the jury is clear, "[t]here is case law supporting correction of judgments to reflect the intent of jurors." *United States v. Stauffer*, 922 F.2d 508, 513 (9th Cir. 1990). Even after the jury has been discharged, the court can correct a clerical error on

a verdict form "to reflect the jury's true intent." *Id.* at 514; *see also United States v. Davis*, 841 F.3d 1253, 1265 (5th Cir. 2016) (concluding it was proper to amend a judgment under Rule 36 based upon "an erroneous verdict form that (a) was not objected to, (b) did not in any way confuse the jury, or, even if it did, (c) could not have possibly prejudiced the defendants"); *United States v. Howard*, 278 Fed. App'x 777, 778 (9th Cir. 2008) (upholding correction of verdict form containing citation error where jury was "correctly instructed on the required showings for a conviction under such statute").

5. The parties agree and stipulate, and request the Court find the following:

   a. From the context of this case, it is clear that the jury's intent was to return a guilty verdict against defendant Harjit Johal as to Count Seven. At the close of the parties' cases, the parties argued the matter to the jury, specifying that Ms. Johal was charged in Count Seven. In argument, the parties distinguished between Count Seven, for which defendant Johal was on trial, and Count Eight, for which co-defendant Jasvir Kaur was on trial.

   b. Following this argument, the Court instructed the jurors. As part of its instruction, the Court instructed the jurors that a separate crime was charged against each defendant, that the charges were joined for trial, and that the jury must determine the guilt of each defendant separately. (Instruction 15). The Court further informed the jury that its verdict on one count should not control its verdict on the other count. (Instruction 15).

   c. The Court also instructed the jury as to the elements and specific charged false statements for each separate count for each defendant. (Instructions 16, 17). The Court unambiguously instructed the jury that defendant Johal was charged in Count Seven, and specifically articulated the charged false statements in question-answer form. (Instruction 16). The verdict form provided to the jury included the false statements listed in Instruction 16.

   d. Comparing Instruction 16 with the verdict form demonstrates that the jury was considering the statements made by defendant Johal and not any other statements. In

fact, the jury sent a jury note to the Court asking about the comparison between the statements in Instruction 16 and the statements listed on the verdict form. The Court instructed the jury that the verdict form contained the charged false statements. Because of the use of a specific verdict form in this case, the Court can determine with certainty that the jury intended to return a guilty verdict against defendant Harjit Johal on Count Seven of the Superceding Indictment.

6. Based upon the forgoing, the parties agree and stipulate, and request the Court to interlineate onto the first page of the verdict form for Harjit Johal the word "SEVEN" in place of the word "EIGHT," striking the word "EIGHT," and to sign and date the interlineation. The parties agree and stipulate, and request the Court to file the amended verdict form on the docket. The parties agree and stipulate, and further request that the judgment in this case indicate, when filed, that defendant Harjit Johal was convicted of Count Seven of the Superseding Indictment.

Dated: March 28, 2017
PHILLIP A. TALBERT
United States Attorney

By: /s/ JEREMY J. KELLEY
JEREMY J. KELLEY
Assistant United States Attorney

Dated: March 28, 2017
/s/ GILBERT A. ROQUE
GILBERT A. ROQUE
Counsel for Defendant
Harjit Kaur Johal

**[PROPOSED] FINDINGS AND ORDER TO CORRECT CLERICAL ERROR**

Pursuant to the parties' stipulation, the Court makes the following findings:

1. The jury verdict form filed for defendant Harjit Kaur Johal, ECF No. 217, contains a clerical error, wherein it states the count of conviction as count "EIGHT."
2. Defendant Harjit Kaur Johal was charged in Count Seven of the Superseding Indictment. ECF No. 91.
3. As evident from the Court's instructions to the jury, the parties' argument, and the statements listed on the verdict form itself, it is clear that the jury's true intent was to return a guilty verdict for defendant Harjit Kaur Johal as to Count Seven of the Superseding Indictment.

Pursuant to Federal Rule of Criminal Procedure 36, the Court may correct a clerical error on a verdict form to reflect the jury's true intent. *United States v. Stauffer*, 922 F.2d 508, 513 (9th Cir. 1990). The Court hereby orders the Clerk of Court to produce to the Court the verdict form for defendant Harjit Kaur Johal, ECF No. 217. The Court will interlineate onto the first page of the verdict form the word "SEVEN" in place of the word "EIGHT," striking the word "EIGHT." The Court will sign and date the interlineation and file the amended verdict form on the docket. The Court hereby additionally orders that the judgment for Harjit Kaur Johal shall, when filed, reflect her conviction of Count Seven of the Superseding Indictment.

IT IS SO FOUND AND ORDERED.
Dated: March 29, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge