UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-00169-GEB-3 |
| Plaintiff, | |
| v. | **ORDER** |
| HARJIT KAUR JOHAL, | |
| Defendant. | |

On April 5, 2017, following the jury trial in this action, Defendant Harjit Kaur Johal ("Johal") filed a motion for judgment of acquittal, or in the alternative, for a new trial. Def.'s Mot., ECF No. 228. Further, Johal included argument in her reply brief arguments that were not included in her motion. Those arguments are disregarded. See generally, Eberle v. City of Anaheim 901 F.2d 814, 818 (9th Cir. 1990)(citation and quotations omitted) ("It is well established in this circuit that "the general rule is that [a party] cannot raise a new issue for the first time in [her] reply brief[].").

Johal was convicted of Count Seven in the Superseding Indictment for having made false declarations to a grand jury in violation of 18 U.S.C. § 1623; specifically, "while under oath and testifying before [a] Grand Jury . . . [Johal] knowingly made false [declarations that she] worked picking peaches for Mohammad Riaz Kahn (a.k.a "Ray Khan") . . . since 2013" and that she did not purchase paystubs from Ray Khan. Superseding Indictment ("Superseding Indictment") 6:7-7:18, ECF No. 91. The United

States of America (the "Government") opposes the motion. Opp'n to Mot., ECF No. 229; Response to Def.'s Reply, ECF No. 231.

"A motion for Judgment of Acquittal is reviewed on a sufficiency-of-the-evidence standard." United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010) (citation omitted). The Ninth Circuit explains that under this standard the district court determines:

> [W]hether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." . . . [A] two-step inquiry [is involved] for considering a challenge to a conviction based on sufficiency of the evidence. First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution . . . . Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow "any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." This second step protects against rare occasions in which "a properly instructed jury may . . . convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt."

United States v. Nevils, 598 F.3d 1158, 1163-64 (9th Cir. 2010)(en banc)(citations omitted).

In viewing the evidence in a light most favorable to the Government, the Government presented sufficient evidence to allow a rational trier of fact to find beyond a reasonable doubt that Johal knowingly gave the following false testimony before the grand jury, in violation of 18 U.S.C. § 1623: that she worked for Ray Khan picking peaches in 2013 and that she did not purchase paystubs from Ray Khan. Therefore, this portion of the

motion is denied.

Johal argues in the alternative that she should be granted a new trial. Rule 33(a) of the Federal Rules of Criminal Procedure is applicable to this portion of the motion and it prescribes: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The Ninth Circuit explains this standard in <u>United States v. Alston</u>, 974 F.2d 1206, 1211 (citations omitted), as follows:

> A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal. "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury."

Johal has not shown that the "evidence preponderates sufficiently heavily against the verdict" and "that a serious miscarriage of justice may have occurred." <u>Id.</u> Therefore, this portion of the motion is also denied.

For the stated reasons, Johal's Motion for Judgment of Acquittal, or in the Alternative, for a New Trial is denied; and the scheduled April 28, 2017 hearing on the motion is vacated.

Dated: April 26, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge