UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>HARJIT KAUR JOHAL,<br><br>        Defendant. | No.  14-cr-00169-GEB<br><br>**ORDER ON BAIL PENDING APPEAL** |

Defendant Harjit Johal moves for her continued release on bail pending appeal arguing that her motion should be granted because she is

> not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of [title 18]; and [her] . . . appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . reversal.

Def's Mot. 9-12, ECF No. 261 (quoting 18 U.S.C. § 3143(b)).  The United States opposes the motion.

Johal argues she

> was released on bail after she posted an appearance bond on June 20, 2014[;] . . . has been free on bail ever since and has fully complied with all conditions of her release[; and] . . . she has shown over the last three years[ that] she is not likely to flee or pose a danger to the safety [of] the community.

Def's Mot. 10:12-15 (citation omitted).  The record supports Johal's assertion that she is not likely to flee or pose a danger to any person in the community if released.

1

Johal also argues her appeal concerns the following substantial questions, each of which is likely to result in reversal:  that the court erred when it failed to grant her severance motion, when admitting evidence under Federal Rule of Evidence 404(b), when failing to grant her motion for acquittal and new trial, when not finding that the record fails show that a qualified Punjabi speaking interpreter was present when Johal testified before the Grand Jury, and that she had an ineffective counsel who failed object to hearsay statements from Razzaq Chechi of statements made by Mohammad Riaz Kahn.

"[A] 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.' 'In short, a "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous.'" United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985) (first quoting D'Aquino v. United States, 180 F.2d 271, 272 (9th Cir. 1950); then quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985); and then quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).  Johal contends her severance motion should have been granted because the case against the co-defendant and her "are different[, since] Ms. Johal is accused of making false statements about her relationship with Ray Kahn[ while the co-defendant] is accused of making false statements about her relationship with both Ray Kahn and Shahbaz Kahn;" the evidence is insufficient to support the conviction; the government failed to prove the materiality of the false statements; and no rational jury could have found the elements of perjury. Def.'s Mot. 7:22, 9:4, 11:18-20.

2

   The United States counters

> [t]he defendants were properly joined for trial under Federal Rule of Criminal Procedure 8(b) as the government alleged the defendants participated in a common plan, scheme, or conspiracy where there was substantial overlap in evidence presented[; and t]he common scheme [charged] that the defendants purchased pay stubs from Ray Khan with the intention to use the false wages to file for fraudulent unemployment insurance benefits[; and t]he defendants perjured themselves before the grand jury to conceal this scheme.

Gov't's Opp. 3:6-11, ECF No. 267 (citation omitted).

   Johal has not shown that the severance issue involves a substantial question, in light of common issues involved in the trial and instructions given to the jury about consideration of evidence.  Nor has Johal shown that her following challenges involve substantial questions:  her challenge to the in limine ruling concerning the admissibility of other act evidence under Federal Rule of Evidence 404(b), her contention that the record fails show that a qualified Punjabi speaking interpreter was present when Johal testified before the Grand Jury, her contention that she an ineffective counsel who failed object to hearsay statements, and her argument that her motion for acquittal should have been granted.

   Therefore, the motion is denied and the hearing on the motion scheduled on August 25, 2017, is vacated.

Dated:  August 22, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge