UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:14-cr-0169 GEB DB |
| Plaintiff/Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HARJIT KAUR JOHAL, | |
| Defendant/Movant. | |

Movant is a federal prisoner proceeding through counsel with a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. Movant claims her trial attorney acted unreasonably in violation of her Sixth Amendment rights to the effective assistance of counsel.

On August 12, 2019, movant filed a motion for a temporary restraining order. (ECF No. 310.) The government opposes the motion. (ECF No. 312.) Movant filed a reply.[1] (ECF No. 314.) Movant seeks to stay her removal proceedings in the immigration courts pending resolution of this § 2255 action. Initially, movant appeared to seek a stay prior to immigration proceedings scheduled for August 16, 2019. However, on August 15 movant's counsel, Brendan Hickey, notified the court by e-mail that "the IJ [immigration judge] has continued her deportation case to

---

[1] For the reasons set forth in this court's August 13, 2019 order, the government's objections to the court's prior findings and recommendations are considered an opposition to the motion. (See ECF No. 315.) Similarly, movant's response to the objections is considered a reply.

September 16, 2019 for a status conference." Mr. Hickey further stated that this continuation "removes the exigency of needing a stay by the end of the day today." He further informed the court that movant's immigration attorneys had informed him that "a ruling on the stay petition prior to the Sept 16 date would be helpful.[2]"

A temporary restraining order is only appropriate where a party shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

If movant's request is considered one for a stay of the proceedings in the immigration courts, the standards are similar. For a stay, this court considers: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Nken v. Holder, 556 U.S. 418, 433-34 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770 (1987)) (quotation marks omitted).

While the parties dispute the court's jurisdiction to stay immigration court proceedings, this court need not reach that issue because movant fails to show she will be irreparably injured absent a stay. She argues only that if she is ordered deported and, prior to her removal, is successful in this § 2255 proceeding, she will be required to file a motion to reopen her

---

[2] Mr. Hickey copied the government's attorney on this e-mail. The full text of the e-mail follows:

> I received notice from Ms Johal's immigration attorneys at the end of the day yesterday that the IJ has continued her deportation case to September 16, 2019 for a status conference. There is no longer a hearing scheduled for tomorrow. While we are still seeking a stay (and filed a response to government's opposition on Tuesday just prior to the court's order to respond) I thought it was important to relay this information to the Court as it removes the exigency of needing a stay by the end of the day today. Immigration counsel (cc'd) has informed me that a ruling on the stay petition prior to the Sept 16 date would be helpful.

2

deportation. According to movant, such a motion may take months or years to be reviewed and she would likely be detained during that time period. However, movant fails to show when she may be subjected to a final order for her deportation. Mr. Hickey's statement in his e-mail that a stay prior to September 16 "would be helpful" is not a showing of imminent irreparable injury.

Because movant fails to meet her burden of demonstrating the need for a temporary restraining order or stay, IT IS HEREBY RECOMMENDED that movant's motion (ECF No. 310) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. Any response to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 21, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/joha0169.tro fr

3