UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>HARJIT KAUR JOHAL,<br><br>    Defendant/Movant. | No. 2:14-cr-0169 GEB DB 3<br><br><br>ORDER |

Movant is a federal prisoner proceeding with a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Movant challenges her 2017 conviction for making false declarations to a grand jury and the resulting 24-month sentence. Movant raises two claims of ineffective assistance of counsel. After reviewing the parties' briefs and the exhibits provided, and for the reasons set forth below, this court finds an evidentiary hearing is necessary to resolve one of movant's claims.

**BACKGROUND**

In 2014 a grand jury investigated a large-scale unemployment and disability insurance fraud scheme orchestrated by two brothers – Mohammad Riaz "Ray" Khan and Mohammad Shabaz Khan. In May 2014, movant testified before the grand jury that she had worked picking peaches for Ray Khan. In June 2014, she was indicted for making a false statement to the grand jury in violation of 18 U.S.C. § 1623. There were several related cases in which a number of

1

others were charged with mail fraud and conspiracy to commit mail fraud. Those individuals who were charged only with making a false claim for unemployment insurance benefits largely plead guilty and received non-custodial sentences.

Movant, a legal permanent resident of the United States since 1995, was convicted by a jury in 2017 of the violation of 18 U.S.C. § 1623. In February 2019, movant was placed into immigration removal proceedings and charged with having committed an aggravated felony for which the term of imprisonment was at least one year. See 8 U.S.C. § 1227 (a)(2)(A)(iii) (alien who has committed an aggravated felony is deportable), § 1101(a)(43)(S) (aggravated felony includes an offense relating to perjury for which the term of imprisonment is at least one year). After the Ninth Circuit rejected the appeal filed by movant and her co-defendant, United States v. Kaur, 752 F. App'x 409 (9th Cir. 2018), movant filed the present motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255 on April 8, 2019.

**DISCUSSION**

Movant alleges her trial attorney was constitutionally ineffective in two respects. First, she contends he failed to inform her that she was only deportable if she received a sentence of one year or more. Instead, counsel mis-informed her that she was deportable for any felony conviction. Second, movant contends her attorney failed to argue for a downward sentencing departure based on her deportability if her sentence was a year or more.

**I.  Standards for Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of their conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, the prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also

United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

## II. Legal Standards for Holding an Evidentiary Hearing

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994). Evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989); accord Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). When a § 2255 movant raises a claim of ineffective assistance of counsel, the court should hold an evidentiary hearing unless "something in the record conclusively shows that [movant's] trial attorney was not ineffective." Burrows, 872 F.2d at 917.

In deciding whether a § 2255 movant is entitled to an evidentiary hearing, the district court should determine whether, accepting the truth of movant's factual allegations, he could prevail on his claim. Blaylock, 20 F.3d at 1465. However, to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, state a claim on which relief under § 2255 could be granted. United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). The court may deny an evidentiary hearing on a § 2255 motion "if the petitioner's allegations, viewed against the record, fail to state a claim or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal citations omitted).

////

////

### III. Legal Standards for Ineffective Assistance of Counsel Claims

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Id. at 687–88 (internal quotation marks omitted). Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. "The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 112.

The Strickland standards apply to claims of ineffective assistance of counsel during the plea-bargaining process. Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 162-63 (2012). A criminal defendant has a right to make a reasonably informed decision whether to accept a plea offer or proceed to trial. Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002). The attorney has the obligation to advise his client of "the available options and possible consequences" regarding pleading guilty. Blaylock, 20 F.3d at 1465. An affirmative misrepresentation of the immigration consequences of a plea can constitute unreasonable conduct under Strickland. United States v. Chan, 792 F.3d 1151, 1158 (9th Cir. 2015).

### IV. Is an Evidentiary Hearing Necessary?

The court should hold an evidentiary hearing unless "something in the record conclusively shows that [movant's] trial attorney was not ineffective." Burrows, 872 F.2d at 917. Thus, the court should not hold a hearing if the record conclusively shows that movant cannot establish either unreasonable conduct by counsel or prejudice as a result of that conduct. The record here is not conclusive on either issue for movant's claim of ineffective assistance of counsel prior to trial. This court finds, however, that movant has not sufficiently made out a claim of ineffective assistance of counsel during the sentencing hearing to warrant an evidentiary hearing on that claim.

**A. Failure to Correctly Inform Movant of Immigration Consequences**

**1. Background**

Movant's presents her declaration regarding pre-trial discussions with her trial attorney, Gilbert Roque, and a declaration from Roque. In her declaration, movant states that Roque never explained to her that she might be able to plead guilty and avoid deportation. (ECF No. 299-14, ¶ 9.) She states that she did not understand that a sentence of one year or more would make her deportable while a sentence of less than a year would not. (Id.) Had she known that she might be able to avoid deportation with a guilty plea, she "would have done anything and everything in my power to secure a sentence of less than one year," including cooperating with the government's investigation. (Id. ¶ 11.)

In his declaration, Roque states that he informed movant that if the jury found her guilty, she would be deportable, "especially under the atmosphere coming from the White House against aliens who have been convicted of crimes." (ECF No. 299-13 at 1.) Roque's declaration contains no information about any plea negotiations.

Both parties provided the court with copies of e-mails sent shortly before trial to and from Roque and the prosecutor, Assistant United States Attorney Jared Dolan. They show that on January 24, 2017, Roque asked Dolan whether "you have any offer in this case?" Dolan replied, "I was under the impression that your client was not interested in resolving. Am I mistaken? If so, happy to send an offer after I get the requisite approvals." Roque then stated, "I am always interested in resolving cases short of trial and am willing to explain any offer so that she fully understands what she is facing." He then asked Dolan to "consider deferred prosecution" and noted that it would be "devastating to [Johal] to receive a felony conviction, especially based on the present administration's view regarding people who receive felony convictions." (ECF No. 317-8 at 3.)

Roque followed up shortly with a second e-mail. He asked whether Dolan would consider a Pretrial Diversion Program, discussed movant's long-time residency in the United States, and noted that movant "would probably be deported" if convicted. Dolan responded that he and his supervisor did not find that disposition warranted particularly because a "defendant who is

5

similarly situated to your client has already plead guilty in this case (Hamira Chechi)." Dolan added, "If your client wants to plead guilty, I am happy to send an offer. But it does not sound like we are on the same page and I don't want to waste time making an offer that will never be accepted." (ECF No. 317-8 at 2.)

One of movant's co-defendants, Hamira Chechi, was also charged with making false statements to the grand jury in violation of 18 U.S.C. § 1623. Chechi signed a plea agreement in 2015. (ECF No. 299-19.) She plead guilty to the violation of § 1623. The government, for its part, agreed to recommend that Chechi receive a three-level reduction in her offense level, from 24-30 months to 15-21 months, for pleading guilty. (Id. at 9.) In addition, the government agreed to recommend that Chechi's sentence of imprisonment "be reduced by up to 50% of the applicable guideline sentence if she provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1." (Id. at 6.)

At Chechi's sentencing hearing in September 2017, the judge adopted the findings in the presentence report that Chechi's offense level was 14, her criminal history category was I, and the advisory guideline imprisonment range was 15 to 21 months. (ECF No. 328 at 4.) The government then asked for a downward departure to a sentence of 8 months home detention and three years' probation. (Id. at 6-7.) Prosecutor Dolan noted that Chechi had come forward "at an early stage" and that the information she provided lead to "additional charges and successful trial testimony of her husband at the trial in this matter." (Id. at 6.) The judge adopted that recommendation. (Id. at 8.)

### 2. Reasonableness of Counsel's Conduct

If movant's allegations are true – that Roque failed to advise her that pleading guilty, even to a felony, could result in a significant sentence reduction and not render her deportable – then she may be able to demonstrate that Roque acted unreasonably. The government argues that it would not have been readily apparent to Roque that a conviction for making a false statement to the grand jury with a sentence of greater than one year was a deportable offense. This court disagrees.

////

6

The immigration statute at issue, 8 U.S.C. § 1227, is entitled "Deportable Aliens." One class of deportable aliens are those who commit certain crimes after their admission to the United States. 8 U.S.C. § 1227(a)(2). One class of crimes listed is "aggravated felonies." Id. § 1227(a)(2)(iii). The statutory language is clear – "Any alien who is convicted of an aggravated felony at any time after admission is deportable." Id.

The immigration statute defines "aggravated felony." 8 U.S.C. § 1101(a)(43). An "aggravated felony" includes: "an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year." Id. § 1101(a)(43)(S). Certainly, a violation of 18 U.S.C. § 1623 for make a false statement under oath to the grand jury is an "offense relating to . . . perjury." In fact, § 1623 is one of the crimes listed in the chapter entitled "Perjury." It does not take an immigration expert to conduct the simple legal research to determine that a conviction for a violation of § 1623 would render someone deportable if that person received a sentence of one year or more. "[W]here the law is 'succinct, clear, and explicit' that the conviction renders removal virtually certain, counsel must advise his client that removal is a virtual certainty." United States v. Rodriguez-Vega, 797 F.3d 781, 786 (9th Cir. 2015) (quoting Padilla v. Kentucky, 559 U.S. 356, 368-69 (2010)).

Because the facts presented to the court do not conclusively show Roque's conduct was reasonable, this court finds an evidentiary hearing is necessary to hear testimony from Roque and movant to determine what, if any, discussions they had regarding potential plea agreements and the immigration consequences of movant's case.

**3. Prejudice from Failure to Inform Movant of Immigration Consequences**

Movant cites Lafler v. Cooper, 566 U.S. 156 (2012) for the standards for proving prejudice. In Lafler, the parties conceded that counsel provided unreasonable advice to petitioner Lafler causing Lafler to reject a plea bargain. Lafler then went to trial and received a harsher sentence than he had been offered. The question before the Court was "how to apply *Strickland's* prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial." 566 U.S. at 163. The Court held that petitioner Lafler must show that but for counsel's ineffectiveness, there was a reasonable probability that (1) Lafler

7

would have accepted the plea; (2) the prosecution would not have withdrawn the offer prior to its presentation to the court; (3) the court would have accepted the terms of the plea offer; and (4) the conviction and/or sentence under the offer's terms was less severe than under the judgment and sentence in fact imposed. Id. at 164.

Of course, movant's case here has one important distinction from Lafler, movant was not offered a formal plea deal. The Court in Lafler noted that defendants have "no right to be offered a plea." 566 U.S. at 168. And, the Court went on to note that its holding would not apply "[i]f no plea offer is made." Id. The government characterizes the Court's statement in Lafler as a proclamation that "[i]f no plea offer is made by the government, the issue of ineffective assistance of counsel in the plea process is inapplicable." (ECF No. 317 at 18.) The Ninth Circuit has not read that statement in Lafler so broadly.

In Rodriguez-Vega, the Ninth Circuit recognized that prejudice under Strickland could be based on counsel's failure to negotiate a particular plea deal. In that case, movant Rodriguez-Vega argued that her attorney failed to inform her of the immigration consequences of her plea. Had she known that her deportation was "practically inevitable" as a result of her plea, she argued, she would have either gone to trial or sought a better plea agreement. The Ninth Circuit held that Rodriguez-Vega's counsel acted unreasonably. 797 F.3d at 786-88. It further held that she had shown prejudice because she had demonstrated a "reasonable probability of negotiating a better plea by identifying cases indicating a willingness by the government to permit defendants charged with the same or a substantially similar crime to plead guilty to a non-removable offense." Id. at 788-89.[1]

The question, then, is what movant must do to establish prejudice in this case. This court finds that to show prejudice, movant must show that had counsel correctly informed her of the immigration consequences of her case, it is reasonably probable that the following things would

---

[1] The Ninth Circuit also found Rodriguez-Vega demonstrated prejudice by showing she had settled on the plea agreement in a purposeful attempt to avoid an adverse effect on her immigration status, 796 F.3d at 789, and also because she had shown a reasonable probability that had she known the consequences of the plea offer, she would have chosen to go to trial, id. at 789-90. The Ninth Circuit considered each of these showings of prejudice individually sufficient under Strickland to find a violation of Rodriguez-Vega's constitutional rights.

8

have occurred: (1) counsel would have negotiated a plea deal for movant; (2) the government would have agreed to recommend a prison sentence of less than one year; (3) movant would have accepted that deal; and (4) the judge would have sentenced movant to less than one year's incarceration.

As set out above, this court finds sufficient evidence in the record that, if proven, movant may be able to show she was prejudiced by counsel's error. The e-mails between Roque and Dolan show that, if movant was willing to admit guilt, the government was willing to offer a plea deal. Further, Dolan's comparison of the plea deal provided to the "similarly situated" co-defendant Chechi indicates that movant may have been able to negotiate a similar deal – which resulted in only probation and home confinement. While the government argues in its briefing that movant has not shown she would have received such a deal, that is not the standard. To succeed under <u>Strickland</u>, movant need only show a reasonable possibility that she would have been sentenced to less than a year.

The government also argues that movant is not similarly situated with Chechi because movant fails to show she could have provided the same sort of information that Chechi did to justify the recommended sentence. However, movant need not have been identical to Chechi in all respects. To avoid deportation, movant could have received a sentence much more stringent than Chechi's probation and home confinement. Based on the leniency of Chechi's sentence, this court finds it reasonably probable the government would have been willing to recommend a sentence of something less than one year's incarceration for movant.

The remaining factors to show prejudice are also met. Movant's declaration demonstrates that she would have been willing to accept a deal with up to a year's incarceration if she had understood the immigration consequences. Further, the court's acceptance of the sentence recommended for Chechi makes it reasonably possible the court would have accepted a similar or somewhat more stringent sentence for movant.

This court finds movant has made a sufficient showing that she suffered prejudice from the unreasonable conduct of counsel to proceed with this claim. An evidentiary hearing is necessary to determine if any additional plea discussions were held between Roque and the

9

prosecution and to determine the credibility of movant's statement that she would have accepted a plea offer that included an admission of guilt and prison time so long as it would not render her deportable.

**B. Ineffective Assistance at Sentencing**

In her second claim, movant contends Roque rendered ineffective assistance when he failed to inform the judge at sentencing that a sentence of a year or greater would make movant deportable. This court finds it unnecessary to consider whether movant has sufficiently shown Roque's conduct was unreasonable because movant fails to present evidence establishing a reasonable likelihood of prejudice. See Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (A reviewing court "need not determine whether counsel's performance was deficient . . . [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice."), amended and superseded on other grounds, 385 F.3d 1247 (9th Cir. 2004);

To show prejudice, movant must make a sufficient factual and legal argument that, had the judge understood that movant faced deportation if she was sentenced to a year or more, it is reasonably probable he would have sentenced movant to less than a year's incarceration. Movant simply does not make that showing. Movant was sentenced to 24 months, the bottom end of the 24-30 month sentencing range. She fails to make any showing that the judge might have reduced that sentence by more than half had he known she would be deportable. This court finds movant makes an inadequate showing of prejudice to proceed on her second claim and an evidentiary hearing is unnecessary.

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Movant's request for an evidentiary hearing on her claim that her attorney failed to correctly advise her of the immigration consequences of her case is granted.

2. Movant's request for an evidentiary hearing on her claim that her attorney failed to inform the judge at sentencing about the immigration consequences of potential sentences is denied.

3. Within ten days of the filed date of this order, counsel for both parties shall meet and confer regarding scheduling an evidentiary hearing and any pre-hearing discovery or other matters. The parties are advised that this court finds movant's testimony will be necessary at the hearing. This court expects counsel for both parties to assist in making whatever arrangements may be required to permit her to testify.

4. Within fifteen days of the filed date of this order, counsel shall file a joint statement reflecting the result of their discussions. If necessary, this court will then hold a status and scheduling conference.

Dated: October 16, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/joha0169.evi hrg