PHILLIP A. TALBERT
Acting United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-CR-00169 KJM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| HARJIT KAUR JOHAL, | DATE: July 12, 2021
TIME: 9:00 a.m.
COURT: Hon. Kimberly J. Mueller |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant Harjit Kaur Johal ("defendant"), by and through defendant's counsel of record, hereby stipulate as follows:

1. The defendant was previously convicted of the charged offense following a jury trial in March 2017. ECF 213–215, 223. She was represented by a different attorney in those proceedings.

2. On April 5, 2019, Brendan Hickey became the defendant's attorney of record for the purpose of filing a motion to vacate her conviction under 28 U.S.C. § 2255. ECF 297. Defendant filed her Amended 2255 motion on April 10, 2019. ECF 299.

3. On October 28, 2019, the Court denied defendant's 2255 motion. ECF 336. Defendant filed a notice of appeal. ECF 338.

4. On April 16, the Ninth Circuit reversed the Court's order denying defendant's 2255 motion and vacated defendant's conviction. *See United States v. Johal*, Case No. 19-17244, Dkt. No. 41

(9th Cir. Apr. 16, 2021). The Ninth Circuit remanded the case to this Court for further proceedings. *See id.*; ECF 341.

5. On April 20, 2021, this case was reassigned to Chief Judge Kimberly J. Mueller for all further proceedings. ECF 342.

6. On June 8, 2021, the Ninth Circuit's mandate issued with respect to defendant's appeal, and the Ninth Circuit's judgment in this matter, entered April 16, 2021, took effect. ECF 348.

7. By previous order, this matter was set for status on July 12, 2021. ECF 346.

8. By this stipulation, defendant now moves to continue the status conference until September 13, 2021, and to exclude time between July 12, 2021, and September 13, 2021, under Local Code T4.

9. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes approximately 11,780 pages of documents including investigative reports, EDD records, and financial records. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time to review the discovery, consult with his client, conduct investigation and research related to the charge and to otherwise prepare for trial. Defense counsel was not the defendant's trial counsel in the previous proceedings and so has not previously had the opportunity to receive or review the discovery in this matter, or to discuss it with his client. As such, defense counsel requires additional time to review the discovery. Further, counsel for the defendant requires additional time to consult with his client regarding potential resolutions of the case and to conduct research into various matters that could potentially affect sentencing. Further, defense counsel requires the use of a Punjabi interpreter in order to communicate with his client. As such, defense counsel's ability to meet and consult with his client is constrained.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 12, 2021 to September 13, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

10. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 7, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ SHEA J. KENNY
SHEA J. KENNY
Assistant United States Attorney

Dated: July 7, 2021

/s/ BRENDAN HICKEY
BRENDAN HICKEY
Counsel for Defendant
HARJIT KAUR JOHAL

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 9th day of July, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE